JS44 (Rev. 03/99)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

JAMES WAGNER AND SUZANNE WAGNER
3818 VIOLET DRIVE, PHILADELPHIA, PA 19154

**DEFENDANTS**

TARGET CORPORATION
1000 NICOLLET MALL, MINNEAPOLIS, MINNESOTA 55403

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
PHILADELPHIA COUNTY, PENNSYLVANIA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
HENNEPIN COUNTY, MINNESOTA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
JAY L. EDELSTEIN, ESQUIRE
EDELSTEIN LAW, LLP
230 SOUTH BROAD STREET
SUITE 900
PHILADELPHIA, PA 19102
(215) 893-9311

ATTORNEYS (IF KNOWN)
FRANCIS J. GREY, JR., ESQUIRE
LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
190 NORTH INDEPENDENCE MALL WEST, PHILADELPHIA, PA 19106
SUITE 500
(215) 627-0303

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**   (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 442 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 520 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**   (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) Negligence action; diversity pursuant to 28 U.S.C. §§ 1332, 1441, 1446

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23   **CLASS ACTION**   **DEMAND $**   Check YES only if demanded in complaint:
**JURY DEMAND**   ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE   DOCKET NUMBER

DATE   June 26, 2013   SIGNATURE OF ATTORNEY OF RECORD   *Francis J. Grey, Jr.*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA—DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignation to appropriate calendar.**

Address of Plaintiff:    James and Suzanne Wagner, 3818 Violet Drive, Philadelphia, PA 19154

Address of Defendant:    Target Corporation, 1000 Nicollet Mall, Minneapolis, MN 55403

Place of Accident, incident or Transaction:    At or near 2113 Bleigh Avenue, Philadelphia, PA19152

*(Use Reverse Side for Additional Space)*

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

RELATED CASE IF ANY

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when "yes" is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act—Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify _____ )

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify):  Negligence
7. ☐ Products Liability
8. ☐ Products Liability—Asbestos
9. ☒ All other Diversity Cases
(Please specify)
Assault and Battery

# ARBITRATION CERTIFICATION

*(Check appropriate category)*

I, _____ counsel of record, do hereby certify:

☐ Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☐ Relief other than monetary damages is sought.

DATE:    [date]      [attorney name]      [attorney ID#]

         *Attorney-at-Law*          *Attorney ID#*

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:    June 26, 2013      Francis J. Grey, Jr., Esquire      56145

         *Attorney-at-Law*          *Attorney ID#*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| JAMES WAGNER AND SUZANNE WAGNER : | |
| H/W : | |
| : | |
| : | |
| v. : | CIVIL ACTION |
| : | |
| TARGET CORPORATION D/B/A TARGET : | |
| AND TARGET CORP. and JOHN DOE(S) (1-2) : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ☐

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 8. ☐

(d) Asbestos—Cases involving claims for personal injury or property damage from exposure to asbestos. ☐

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ☐

(f) Standard Management – Cases that do not fall into any one of the other tracks. ☒

June 26, 2013
(Date)

Francis J. Grey, Jr., Esquire
Attorney-at-Law
Attorney for Defendant,
Target Corporation (incorrectly identified as "Target Corporation d/b/a Target and Target Corp.")

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES WAGNER AND SUZANNE WAGNER,  :
H/W                                                        :
                                                               :
                        Plaintiffs,                      :
                                                               :
vs.                                                        :
                                                               :
TARGET CORPORATION D/B/A TARGET AND    :
TARGET CORP. AND JOHN DOE(S) (1-2)            :
                                                               :
                        Defendant.                     :
                                                               :

NOTICE OF REMOVAL

TO THE HONORABLE CHIEF JUSTICE AND JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

Target Corporation (incorrectly identified as "Target Corporation d/b/a Target and Target

Corp." and hereinafter "Target Corporation"), defendant in the matter of *James Wagner and Suzanne*

*Wagner, H/W v. Target Corporation d/b/a Target and Target Corp. and John Doe(s) (1-2)*, February

Term, 2013, No. 3151, hereby files this Notice of Removal for the removal of this action from the

Philadelphia County Court of Common Pleas to the United States District Court for the Eastern

District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  There is complete diversity,

the amount in controversy exceeds seventy-five thousand dollars, exclusive of interest and costs and

this notice has been timely filed.  In support thereof, Target Corporation avers as follows:

1.      The above-entitled action was commenced in the Court of Common Pleas of

Philadelphia County, on February 28, 2013 by the filing of a Praecipe to Issue a Writ of Summons.  A

copy of Plaintiffs' Writ is attached as Exhibit A.

2.      Following Target Corporation's Praecipe for a Rule to File a Complaint filed on June

4, 2013, plaintiffs filed and served a Complaint on June 13, 2013.  A copy of Target Corporation's

Praecipe for a Rule to File a Complaint is attached as Exhibit B.  A copy of Plaintiffs' Complaint is

attached as Exhibit C.

3.      This Notice of Removal is filed within thirty days after Target Corporation's receipt by service of the Complaint on June 13, 2013.  28 U.S.C. § 1446(b).

4.      Plaintiffs, James and Suzanne Wagner are citizens of Pennsylvania residing at 3818 Violet Drive, Philadelphia County, Philadelphia, Pennsylvania.  See Exhibit C, ¶ 1.

5.      Target Corporation is neither incorporated nor maintains its principal place of business in the Commonwealth of Pennsylvania.

6.      Target Corporation is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in that State.

7.      Pursuant to 28 U.S.C. § 1441(b)(1), in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a), "the citizenship of defendants sued under fictitious names *shall be* disregarded."  (emphasis added)

8.      At the time of the filing of the Plaintiff's Complaint and at the time of this removal, there is diversity of citizenship amongst the parties pursuant to 28 U.S.C. § 1332(a)(1).

9.      In the Complaint Plaintiffs allege that James Wagner was "in the course and scope of his employment for the Philadelphia Police Department" when he was assaulted by an individual John Doe.   See Exhibit C, ¶ 5.

10.      Plaintiffs allege that James Wagner sustained numerous serious and permanent injuries, "including but not limited to severe trauma to his right eye, orbital fracture, stellate wound of the right eye, a dislocated intraocular lens, loss of sight, retinal hemorrhage, optic nerve sheath hemorrhage, loss of lens, loss of iris, acute/traumatic glaucoma, concussion, loss of memory, head, neck and back injury, and facial disfigurement and lacerations." Exhibit C, ¶¶ 11, 13.

11.      Plaintiffs allege that Mr. Wagner has undergone five surgical procedures and that they have incurred various medical expenses, attaching what they claim is subrogation lien to their Complaint. See Exhibit C, ¶ 15.

12.     Plaintiffs additionally allege, among other things, indefinite physical pain, aches, mental anguish, humiliation, inconveniences and loss of life's pleasures.  Exhibit C, ¶ 18.

13.     Based on Plaintiffs' claims, it is believed that the amount in controversy in this matter exceeds Seventy-Five Thousand Dollars ($75,000.00), and satisfies the threshold for federal diversity jurisdiction.  28 U.S.C. § 1332(a) and § 1441(a).

14.     Written notice of the filing of this Notice will be served on the adverse party as required by 28 U.S.C. §1446(d).

15.     A copy of this Notice will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, as provided by 28 U.S.C. §1446(d).

16.     Pursuant to 28 U.S.C. §1446(a), all process, pleadings and orders are attached as Exhibit A, B, C and D (Plaintiffs' Writ of Summons, Target Corporation's Praecipe for a Rule to File a Complaint, Entry of Appearance and Jury Demand, Plaintiffs' Complaint and Case Management Order).

WHEREFORE, Target Corporation prays that it may effect the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

By:     _Francis J. Grey, Jr._
        Francis J. Grey, Jr. (No. 36145)
        190 N. Independence Mall West, Suite 500
        Philadelphia, PA 19106
        (215) 627-0303
        fgrey@lavin-law.com
        *Attorneys for Defendant,*
        *Target Corporation (incorrectly identified as*
        *"Target Corporation d/b/a Target and Target*
        *Corp.")*

Dated:  June 26, 2013

<u>**CERTIFICATE OF SERVICE**</u>

I, Francis J. Grey, Jr., Esquire, do hereby certify that a true and correct copy of Target Corporation's Notice of Removal was filed and served via first class mail, postage pre-paid this 26th day of June, 2013 addressed as follows:

Jay L. Edelstein, Esquire
Edelstein Law, LLP
230 South Broad Street, Suite 900
Philadelphia, PA 19102
*Attorneys for Plaintiffs,*
*James and Suzanne Wagner*

By: _____
Francis J. Grey, Jr., Esquire

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**FEBRUARY 2013**
E-Filing Number: 1302043791

**003151**

| | |
|---|---|
| PLAINTIFF'S NAME<br>JAMES   WAGNER | DEFENDANT'S NAME<br>TARGET CORPORATION , ALIAS: TARGET CORP. |
| PLAINTIFF'S ADDRESS<br>3818 VIOLET DRIVE<br>PHILADELPHIA PA 19154 | DEFENDANT'S ADDRESS<br>1000 NICOLLET MALL<br>MINNEAPOLIS MN 55403 |
| PLAINTIFF'S NAME<br>SUZANNE WAGNER | DEFENDANT'S NAME<br>JOHN DOE(S) 1-2 |
| PLAINTIFF'S ADDRESS<br>3818 VIOLET DRIVE<br>PHILADELPHIA PA 19154 | DEFENDANT'S ADDRESS<br>UNKNOWN<br>PHILADELPHIA PA |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS<br>2 | TOTAL NUMBER OF DEFENDANTS<br>2 | COMMENCEMENT OF ACTION<br>☐ Complaint      ☐ Petition Action      ☐ Notice of Appeal<br>☒ Writ of Summons   ☐ Transfer From Other Jurisdictions |
|---|---|---|

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE
2B – ASSAULT, BATTERY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>FEB 28 2013 | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JAMES   WAGNER  , SUZANNE WAGNER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JAY L. EDELSTEIN | ADDRESS<br>230 S. BROAD ST.<br>SUITE 900<br>PHILADELPHIA PA 19102 |
|---|---|
| PHONE NUMBER<br>(215)893-9311 | FAX NUMBER<br>(215)893-9310 | |
| SUPREME COURT IDENTIFICATION NO.<br>30227 | E-MAIL ADDRESS<br>JEdelstein@edelsteinlaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>JAY EDELSTEIN | DATE SUBMITTED<br>Thursday, February 28, 2013, 02:42 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**EDELSTEIN LAW, LLP**
BY:  JAY L. EDELSTEIN, ESQUIRE
Identification No.:  30227
230 South Broad Street, Suite 900
Philadelphia, PA  19102
(215)893-9311/Fax: 215-893-9310
File No. 121.---

Attorney for Plaintiffs

MAJOR JURY MATTER

JAMES WAGNER AND
SUZANNE WAGNER, H/W
3818 Violet Drive
Philadelphia, PA  19154

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

v.

TERM, 2013

TARGET CORPORATION d/b/a
TARGET AND TARGET CORP.
and JOHN DOE(S) (1-2)
1000 Nicollet Mall
Minneapolis, MN  55403

7400 Bustleton Avenue
Philadelphia, PA 19152

NO.

c/o CT CORP SYSTEM
1515 Market Street
Philadelphia, PA  19102

## PRAECIPE TO ISSUE WRIT OF SUMMONS

### 2B – ASSAULT AND BATTERY

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons – Civil Action in the above-captioned matter.

EDELSTEIN LAW, LLP

By:

JAY L. EDELSTEIN, ESQUIRE
Attorney for Plaintiffs,
James Wagner and Suzanne Wagner, h/w

Date:

Case ID: 130203151

C.P.97

# Commonwealth of Pennsylvania

## CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

James Wagner and Suzanne Wagner, h/w
3818 Violet Drive
Philadelphia, PA 19154

COURT OF COMMON PLEAS

_____ Term, 20_____

No. _____

*vs.*

Target Corporation d/b/a Target
Target Corp. & John Doe(s) 1-2
1000 Nicollet Mall
Minneapolis, MN 55403

To[1]

Target Corporation d/b/a Target
/Target Corp & JOHN DOE(S) 1-2
1000 Nicollet Mall, MINN, MN 55403
cc:
7400 Bustleton Ave, Phila, PA 19152
c/o CT CORP SYSTEM
1515 Market St., Phila, PA 19102

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*[2]

James and Suzanne Wagner, h/w

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*



By _____

Date _____

130203151
28 FEB 2013 02:42 pm

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 130203151

COURT OF COMMON PLEAS

_____ Term, 20 ____ No. _____

James Wagner and Suzanne Wagner, h/w
3818 Violet Drive
Philadelphia, PA 19154

vs.

Target Corporation d/b/a Target
Target Corp. & John Doe(s) 1-2
1000 Nicollet Mall
Minneapolis, MN 55403

SUMMONS

# EXHIBIT B

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**
BY: Francis J. Grey, Jr., Esquire
Identification No.: 56145
190 North Independence Hall West, Suite 500
6th & Race Streets
Philadelphia, PA 19106
(215) 627-0303

*Attorneys for defendant,*
*Target Corporation (incorrectly*
*identified as Target Corporation d/b/a*
*Target and Target*

---

| | |
|---|---|
| JAMES WAGNER AND SUZANNE WAGNER, H/W : | PHILADELPHIA COUNTY |
| | COURT OF COMMON PLEAS |
| Plaintiffs, : | |
| : | FEBRUARY TERM 2013 |
| -v.- : | |
| : | NO: 003151 |
| TARGET CORPORATION d/b/a TARGET AND | |
| TARGET CORP. AND JOHN DOES (1-2) : | |
| : | |
| Defendants. : | |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

    Kindly enter my appearance on behalf of Target Corporation (incorrectly identified as "Target

Corporation d/b/a Target and Target Corp.") in the above-captioned matter.

                  **LAVIN, O'NEIL, RICCI , CEDRONE & DISIPIO**

                  BY:    s/Francis J. Grey, Jr.
                          FRANCIS J. GREY, JR., ESQUIRE
                          *Attorneys for defendant,*
                          *Target Corporation (incorrectly identified as*
                          *Target Corporation d/b/a Target and Target*
                          *Corp.)*

Date: June 4, 2013

### CERTIFICATE OF SERVICE

I hereby certify that I will serve a true and correct copy of the Entry of Appearance in accordance with Pa.R.C.P. 440 on all parties not served electronically. All other parties will be electronically served by the court in accordance with Pa.R.C.P. 205.4(g).

Jay L. Edelstein, Esquire
Edelstein Law, LLP
230 South Broad Street, Suite 900
Philadelphia, PA 1910s
*Attorneys for Plaintiffs*


By:   s/ Francis J. Grey, Jr.
      Francis J. Grey, Jr., Esq.


Dated: June 4, 2013

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
BY:  Francis J. Grey, Jr., Esquire
Identification No.:  56145
190 North Independence Hall West, Suite 500
6th & Race Streets
Philadelphia, PA  19106
(215) 627-0303

*Attorneys for defendant,*
*Target Corporation (incorrectly*
*identified as Target Corporation d/b/a*
*Target and Target Corp.)*

| | |
|---|---|
| JAMES WAGNER AND SUZANNE WAGNER, H/W : | PHILADELPHIA COUNTY |
| : | COURT OF COMMON PLEAS |
| Plaintiffs,                              : | |
| : | FEBRUARY TERM 2013 |
| -v.-                                     : | |
| : | NO: 003151 |
| TARGET CORPORATION d/b/a TARGET AND : | |
| TARGET CORP. AND JOHN DOES (1-2)          : | |
| : | |
| Defendants.                    : | |

## DEMAND FOR JURY TRIAL

TO THE PROTHONOTARY:

A twelve member jury is hereby demanded in the above-captioned case by Target Corporation

(incorrectly identified as "Target Corporation d/b/a Target and Target Corp.").

LAVIN, O'NEIL, RICCI , CEDRONE & DISIPIO

BY:     s/Francis J. Grey, Jr.
         FRANCIS J. GREY, JR., ESQUIRE
         *Attorneys for defendant,*
         *Target Corporation (incorrectly identified as*
         *Target Corporation d/b/a Target and Target*
         *Corp.)*

Date: June 4, 2013

## CERTIFICATE OF SERVICE

I hereby certify that I will serve a true and correct copy of the Demand for Jury Trial in accordance with Pa.R.C.P. 440 on all parties not served electronically. All other parties will be electronically served by the court in accordance with Pa.R.C.P. 205.4(g).

Jay L. Edelstein, Esquire
Edelstein Law, LLP
230 South Broad Street, Suite 900
Philadelphia, PA 1910s
*Attorneys for Plaintiffs*

By:     s/ Francis J. Grey, Jr.
Francis J. Grey, Jr., Esquire

LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO
BY:  Francis J. Grey, Jr., Esquire
Identification No.:  56145
190 North Independence Hall West, Suite 500
6th & Race Streets
Philadelphia, PA  19106
(215) 627-0303

*Attorneys for defendant,*
*Target Corporation (incorrectly*
*identified as Target Corporation d/b/a*
*Target and Target Corp.)*

Filed and Attested by
PROTHONOTARY
04 JUN 2013 04:27 pm
E. HAURIN

---

| | |
|---|---|
| JAMES WAGNER AND SUZANNE WAGNER, H/W : | PHILADELPHIA COUNTY |
| : | COURT OF COMMON PLEAS |
| Plaintiffs, : | |
| : | FEBRUARY TERM 2013 |
| -v.- : | |
| : | NO: 003151 |
| TARGET CORPORATION d/b/a TARGET AND : | |
| TARGET CORP. AND JOHN DOES (1-2) : | |
| : | |
| Defendants. : | |

---

## PRAECIPE FOR RULE TO FILE COMPLAINT

TO THE PROTHONOTARY:

Please enter a Rule upon Plaintiffs to file a Complaint within twenty (20) days hereof or suffer

the entry of Judgment of Non Pros.

LAVIN, O'NEIL, RICCI , CEDRONE & DiSIPIO

BY:    s/Francis J. Grey, Jr.
_____
FRANCIS J. GREY, JR., ESQUIRE
*Attorneys for defendant,*
*Target Corporation (incorrectly identified as*
*Target Corporation d/b/a Target and Target*
*Corp.)*

Date: June 4, 2013

## RULE TO FILE COMPLAINT

AND NOW, this _____ day of _____, 2013, a Rule is hereby granted upon

plaintiffs to file a Complaint herein within twenty (20) days after service

a Judgment of Non Pros.

130203151
04 JUN 2013 04:27 pm
E. HAURIN

_____
PROTHONOTARY

Case ID: 130203151

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I will serve a true and correct copy of the Praecipe for Rule to File a Complaint in accordance with Pa.R.C.P. 440 on all parties not served electronically. All other parties will be electronically served by the court in accordance with Pa.R.C.P. 205.4(g).

Jay L. Edelstein, Esquire
Edelstein Law, LLP
230 South Broad Street, Suite 900
Philadelphia, PA 1910s
*Attorneys for Plaintiffs*

By:     s/ Francis J. Grey, Jr.
Francis J. Grey, Jr., Esq.

Dated:  June 4, 2013

Case ID: 130203151

# EXHIBIT C

*File No. 121.020*
**EDELSTEIN LAW, LLP**
BY: JAY L. EDELSTEIN, ESQUIRE
Identification No.: 30227
230 South Broad Street, Suite 900
Philadelphia, PA  19102
(215)893-9311/Fax: 215-893-9310

Attorney for Plaintiffs

MAJOR JURY MATTER

| | | |
|---|---|---|
| JAMES WAGNER AND | : | COURT OF COMMON PLEAS |
| SUZANNE WAGNER, H/W | : | PHILADELPHIA COUNTY |
| 3818 Violet Drive | : | |
| Philadelphia, PA  19154 | : | |
| | : | |
| | : | |
| v. | : | FEBRUARY TERM, 2013 |
| | : | |
| | : | |
| TARGET CORPORATION d/b/a | : | |
| TARGET AND TARGET CORP. | : | NO. 3151 |
| and JOHN DOE(S) (1-2) | : | |
| 1000 Nicollet Mall | : | |
| Minneapolis, MN  55403 | : | |

## PLAINTIFFS' COMPLAINT IN CIVIL ACTION – 2B ASSAULT AND BATTERY

1.    Plaintiffs, James and Suzanne Wagner are adult individuals who reside at the address identified in the caption above.

2.    Defendant, Target Corporation d/b/a Target and Target Corp. is a business entity or other quasi public corporation existing under the laws of the Commonwealth of Pennsylvania, and does business at the address(es) identified in the caption above  including 7400 Bustleton Avenue Philadelphia, PA 19152.

4.    Defendant, John Doe(s) (1-2), are adult individuals.

5.    On or about March 1, 2011 Plaintiff, James Wagner was in the course and scope of his employment for the Philadelphia Police Department at or near the Target Store located at 7400 Bustleton Avenue, Philadelphia, PA when he was assaulted by an individual and/or individuals defendants John Doe(s) (1-2).

Case ID: 130203151

6.      At all times relevant, defendants John Doe(s) (1-2) was a patron on the premises of the Target Store located at 7400 Bustleton Avenue, Philadelphia, PA.

7.      At all relevant times hereto, Defendant, Target acted through their agents and employees and are vicariously liable for all conduct, acts, commissions and/or omissions occurring during the course and scope of said agents' and employees' agency or employment with the defendant corporations.

8.      At all times relevant hereto, Defendant, Target had knowledge prior to this incident of dangerous conditions in and around their store located at 7400 Bustleton Avenue, Philadelphia, PA.

9.      Defendant, Target failed to act immediately in either restraining or containing the assailant in the store with security allowing the assailant to exit the store unrestrained further endangering individuals in and around defendant's property.

## COUNT I
## JAMES AND SUZANNE WAGNER V. JOHN DOE(S) (1-2)

10.     Plaintiffs repeat each and every allegation of all proceeding paragraphs with same force and effect as if set forth herein at length.

11.     At the aforementioned date and time, defendant John Doe(s) (1-2) assaulted Plaintiff James Wagner causing serious physical and emotional injuries, including but not limited to severe trauma to his right eye, orbital fracture, stellate wound of the right eye, a dislocated intraocular lens, loss of sight, retinal hemorrhage, optic nerve sheath hemorrhage, loss of lens, loss of iris, acute/traumatic glaucoma, concussion, loss of memory, head, neck and back injury, facial disfigurement and lacerations.

12.     Plaintiff while in the course and scope of his employment responded to a call at the Target Store located at 7400 Bustleton Avenue, Philadelphia, PA.  Upon arriving on the scene, John Doe(s) (1-2) struck Mr. Wagner with a weapon.

13.     As a direct and proximate result of this incident, Plaintiff suffered serious bodily injuries which are permanent in nature.

14.     Plaintiff has undergone five surgical procedures in an effort to repair his sight and will in the future require more surgeries.

15.     As a further result of this incident, Plaintiff has been obligated to receive and undergo medical attention and care for his injuries, has incurred various expenses for said care, and will be obligated to continue to seek further medical attention and surgeries and expend such sums and to incur such expenditures for an indefinite time in the future.  Therefore, Plaintiffs are entitled to recover any and all such medical expenses and costs. *(See Subrogation Lien Attached As Exhibit "A")*

16.     As a further result of this incident, Plaintiff has been unable to attend to his daily chores and duties and may be unable to do so for an indefinite period of time in the future.

17.     As a further result of this incident, Plaintiff has and will continue to in the future incur other financial expenses or losses to which he is otherwise entitled to recover.

18.     As a further result of this incident, Plaintiff has suffered severe physical pain, aches, mental anguish, humiliation, inconveniences, and loss of life's pleasures and he will continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus attorney fees, costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212

Case ID: 130203151

damages, pre-judgment and post-judgment interest, and any further relief as is just and appropriate.

## COUNT II
### WAGNER V. TARGET CORPORATION D/B/A TARGET
### AND TARGET CORP. RESPONDIAT SUPERIOR

19.     Plaintiffs repeat each and every allegation of all preceding paragraphs with the same force and effect as if set forth here at length.

20.     At all times relevant hereto, Defendant, Target had knowledge prior to this incident of dangerous conditions in and around their store located at 7400 Bustleton Avenue, Philadelphia, PA 19152.

21.     The aforesaid incident resulted from the negligence and recklessness of defendants, Target Corporation d/b/a Target and Target Corp., John Doe(s) (1-2), herein and was due in no manner whatsoever to any act or failure to act on the part of Plaintiffs.

22.     The negligence of defendant Target Corporation d/b/a Target and Target Corp., its agents, servants and employees consisted of the following:

   a.     negligent hiring of agents, servants, workmen and/or employees;

   b.     failing to secure their property with proper security, employees, agents, servants and/or workmen when the defendants knew or should have known of patrons and/or individuals with a violent disposition;

   c.     failure to keep the defendant's establishment secure, orderly and reasonably well policed;

   d.     failure of the defendants, agents and employees to maintain such order;

   e.     failing to halt an atmosphere of disorder;

   f.     failing to halt an atmosphere of threat; and

   g.     failing to ensure that Plaintiff was properly protected from assault.

Case ID: 130203151

23.    As a direct and proximate result of this incident, Plaintiff suffered serious and severe bodily injuries which are permanent in nature.

24.    As a further result of this incident, Plaintiff has been obligated to receive and undergo medical attention and care for his injuries, and to incur various expenses for said care and will be obligated to continue to expend such sums and to incur such expenditures for an indefinite time in the future.  Therefore, Plaintiff is entitled to recover any and all medical expenses and costs. *(See Exhibit "A")*

25.    As a further result of this incident, Plaintiff has been unable to attend to his daily chores and duties and may be unable to do so for an indefinite period of time in the future.

26.    As a further result of this incident, Plaintiff has and will continue to in the future incur other financial expenses or losses to which he is otherwise entitled to recover.

27.    As a further result of this incident, Plaintiff has suffered severe physical pain, aches, mental anguish, humiliation, inconveniences, and loss of life's pleasures and he will continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus attorney fees, costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre-judgment and post-judgment interest, and any further relief as is just and appropriate.

### COUNT III
### WAGNER V. TARGET CORPORATION d/b/a
### TARGET AND TARGET CORP. – NEGLIGENCE

28.    Plaintiffs repeat each and every allegation of all proceeding paragraphs with same force and effect as if set forth herein at length.

29.     At all times relevant hereto, Defendant, Target had knowledge prior to this incident of dangerous conditions in and around their store located at 7400 Bustleton Avenue, Philadelphia, PA.19152 and failed to address said dangerous conditions.

30.     The negligence and recklessness of defendants, its agents, employees and/or servants consisted of the following:

a.     negligent hiring of agents, servants, workmen, security and/or employees;

b.     failing to hire employees, agents, servants, security and/or workmen when it knew or, in the exercise of due care, should have known of their dangerous and violent propensity in their store and inclination toward violent acts;

c.     failing to employee security, employees, agents, servants and/or workmen  in which they would have secured the store in order that no significant contact with patrons and/or invitees lawfully upon and around the premises who would not otherwise be subject to direct violence  and antisocial behavior;

d.     failure to keep the defendant's establishment orderly and reasonably well policed;

e.     failure of the defendants, security, agents and/or  employees to maintain such order;

f.     failing to halt an atmosphere of disorder;

g.     failing to halt an atmosphere of threat; and

h.     failing to ensure that Plaintiff was properly protected from assault.

31.     As a direct and proximate result of this incident, Plaintiff, suffered serious bodily injuries which are permanent in nature.

32.     As a further result of this incident, Plaintiff has been obligated to receive and undergo medical attention and care for his injuries, and to incur various expenses for said care and will be obligated to continue to expend such sums and to incur such expenditures for an

indefinite time in the future.  Therefore, Plaintiff is entitled to recover any and all medical expenses and costs. *(See Exhibit "A")*

33.    As a further result of this incident, Plaintiff has been unable to attend to his daily chores and duties and may be unable to do so for an indefinite period of time in the future.

34.    As a further result of this incident, Plaintiff has and may continue to in the future incur other financial expenses or losses to which he is otherwise entitled to recover.

35.    As a further result of this incident, Plaintiff has suffered severe physical pain, aches, mental anguish, humiliation, inconveniences, and loss of life's pleasures and he may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus attorney fees, costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre--judgment and post-judgment interest, and any further relief as is just and appropriate.

## COUNT IV
## WAGNER V. JOHN DOE(S) 1-2)

36.    Plaintiffs repeat each and every allegation of all proceeding paragraphs with same force and effect as if set forth herein at length.

37.    At the aforementioned date and time defendant(s) intentionally assaulted Plaintiff.

38.    At the aforementioned date and time defendant unintentionally but negligently caused bodily injury to Plaintiff.

39.    At all times relevant hereto, Defendant, Target had knowledge prior to this incident of dangerous conditions in and around their store located at 7400 Bustleton Avenue, Philadelphia, PA 19152 and failed to address said dangerous condition(s).

Case ID: 130203151

40.    At all relevant times hereto, Defendant, Target acted through their agents and employees and are vicariously liable for all conduct, acts, commissions and/or omissions occurring during the course and scope of said agents' and employees' agency or employment with the defendant corporations.

41.    As a result of said assault Plaintiff suffered serious and permanent bodily injuries, including, but not limited to severe damage to the eye(s), head, neck, shoulders, arms, back, torso, hands and various other ills and injuries.

42.    As a further result of this assault, Plaintiff has been obligated to receive and undergo medical attention and care for his injuries, and to incur various expenses for said care and will be obligated to continue to expend such sums and to incur such expenditures for an indefinite time in the future, therefore, Plaintiff is entitled to recover any and all medical expenses and costs. *(See Exhibit "A")*

43.    As a further result of this assault, Plaintiff has been unable to attend to his daily chores and duties and may be unable to do so for an indefinite period of time in the future.

44.    As a further result of this assault, Plaintiff has and may continue to in the future incur other financial expenses or losses to which he is otherwise entitled to recover.

45.    As a further result of this assault, Plaintiff has suffered severe physical pain, aches, mental anguish, humiliation, inconveniences, and loss of life's pleasures and he may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus attorney fees, costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre-judgment and post-judgment interest, and any further relief as is just and appropriate.

Case ID: 130203151

## COUNT V
## WAGNER V. JOHN DOE(S) (1-2  RESPONDEAT SUPERIOR

46.     Plaintiffs repeat each and every allegation of all preceding paragraphs with the same force and effect as if set forth here at length.

47.     At all times relevant hereto, Defendant, Target had knowledge prior to this incident of dangerous conditions in and around their store located at 7400 Bustleton Avenue, Philadelphia, PA.19152 and failed to address said dangerous conditions.

48.     The aforesaid incident resulted from the negligence and recklessness of defendant, Target, herein and was due in no manner whatsoever to any act or failure to act on the part of Plaintiffs.

49.     The negligence and recklessness of defendant, Target, their agents, servants, and employees consisted of the following:

a.      negligent hiring of agents, servants, workmen, security and/or employees;

b.      failing to hire employees, agents, servants, security and/or workmen when it knew or, in the exercise of due care, should have known of their dangerous and violent propensity in their store and inclination toward violent acts;

c.      failing to employee security, employees, agents, servants and/or workmen  in which they would have secured the store in order that no significant contact with patrons; and/or

d.      failure to keep the defendant's establishment orderly and reasonably well policed;

e.      failure of the defendants, security, agents and/or  employees to maintain such order;

f.      failing to halt an atmosphere of disorder;

g.      failing to halt an atmosphere of threat; and

h.      failing to ensure that Plaintiffs was properly protected from assault.

Case ID: 130203151

50.     As a direct and proximate result of this incident, Plaintiff suffered serious and severe bodily injuries which are permanent in nature, including, but not limited to:  injuries to the eye(s), head, neck, shoulders, arms, back, torso, hands and various other ills and injuries.

51.     As a further result of this incident, Plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care and will be obligated to continue to expend such sums and expenditures for an indefinite time in the future. Therefore, Plaintiff is entitled to recover any and all medical expenses and costs. *(See Exhibit "A")*

52.     As a further result of this incident, Plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

53.     As a further result of the incident, Plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

54.     As a further result of the incident, Plaintiff has or may continue to in the future incur other financial expenses or losses to which he is entitled to recover.

55.     As a further result of this incident, Plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconveniences, and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against defendants, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus attorney's fees, costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre-judgment and post- judgment interest, and any further relief as is just and appropriate.

Case ID: 130203151

## COUNT VI
## WAGNER V. JOHN DOE(S) (1-2) – ASSAULT

56.   Plaintiffs repeat each and every allegation of all proceeding paragraphs with same force and effect as if set forth herein at length.

57.   At all times relevant hereto, Defendant, Target had knowledge prior to this incident of dangerous conditions in and around their store located at 7400 Bustleton Avenue, Philadelphia, PA 19152 and failed to address said dangerous conditions.

58.   At the aforementioned date and time, defendant John Doe(s) (1-2) assaulted Plaintiff Wagner causing serious physical and emotional injuries.

59.   As a direct and proximate result of this incident, Plaintiff suffered serious bodily injuries which are permanent in nature.

60.   As a further result of this incident, Plaintiff has been obligated to receive and undergo medical attention and care for his injuries, and to incur various expenses for said care and will be obligated to continue to expend such sums and to incur such expenditures for an indefinite time in the future.  Therefore, Plaintiff is entitled to recover any and all medical expenses and costs. (See Exhibit "A")

61.   As a further result of this incident, Plaintiff has been unable to attend to his daily chores and duties and may be unable to do so for an indefinite period of time in the future.

62.   As a further result of this incident, Plaintiff has and may continue to in the future incur other financial expenses or losses to which he is otherwise entitled to recover.

63.   As a further result of this incident, Plaintiff has suffered severe physical pain, aches, mental anguish, humiliation, inconveniences, and loss of life's pleasures and he may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus

Case ID: 130203151

attorney fees, costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212

damages, pre-judgment and post-judgment interest, and any further relief as is just and

appropriate.

## COUNT VII - RECKLESSNESS

64.     Plaintiffs repeat each and every allegation of all proceeding paragraphs with same

force and effect as if set forth herein at length.

65.     Defendant Target, prior to this incident had numerous occurrences of dangerous

conditions and/or individuals on/at their premises including but not limited to shoplifting and

assaults which is the subject of this action, known, and/or had reason to know, that the Target

Store located at 7400 Bustleton Avenue, Philadelphia, PA was a high crime area as to pose a

clear and present danger to the patrons and/or invitees who would reasonably be expected to

come into their store.

66.     At all times relevant hereto, Defendant, Target had knowledge prior to this

incident of dangerous conditions in and around their store located at 7400 Bustleton Avenue,

Philadelphia, PA 19152 and failed to address said dangerous conditions.

67.     Despite actual knowledge of the dangerous propensities in and around the area of

the Target Store located at 7400 Bustleton Avenue, Philadelphia, PA, Defendant, Target failed to

employ security to ensure the safety of invitees lawfully in and around their property.

68.     Defendant Target recklessly failed to put in place necessary safeguards such as

careful monitoring and security measures, despite actual knowledge of the extraordinary risks

that innocent invitees could and/or would likely suffer severe physical harm.

69.     Even when informed that Defendant Target was in need of security due to the high traffic of crime in and on their property, Defendant Target failed to put into place a security detail to take any actions to investigate and/or better supervise the Target Store in question.

70.     As a direct and proximate result of the Defendants' reckless misconduct to properly secure their store, Plaintiff sustained the injuries set forth in this Complaint.

WHEREFORE, Plaintiff demands damages against Defendant Target Corporation d/b/a Target and Target Corp. and John Does(s) (1-2), in an amount in excess of fifty thousand ($50,000.00) dollars, together with punitive damages, interest, and damages for pre-judgment and post-judgment interest, and any further relief as is just and appropriate.

## COUNT VIII - LOSS OF CONSORTIUM
### PLAINTIFF, SUZANNE WAGNER V. DEFENDANTS, TARGET CORPORATION d/b/a TARGET AND TARGET CORP. and JOHN DOE(S) (1-2)

71.     Plaintiff, Suzanne Wagner, incorporates by reference herein as though fully set forth at length the averments contained within paragraphs 1 through 70.

72.     At all times relevant hereto, Suzanne Wagner has been and is the spouse of Plaintiff, James J. Wagner.

73.     As a direct and proximate result of the conduct of Defendants, as described above, and the resultant injuries and damages to Plaintiff, James J. Wagner, Plaintiff, Suzanne Wagner, has suffered and will suffer in the future, a loss of society, services, companionship, comfort, guidance, physical assistance, and the consortium of her spouse.

WHEREFORE, Plaintiffs demands judgment in their favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus attorney fees, costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212

damages, pre-judgment and post-judgment interest, and any further relief as is just and appropriate.

EDELSTEIN LAW, LLP

BY: _____
        JAY L. EDELSTEIN, ESQUIRE
        Attorney for Plaintiffs

# WAGE REQUEST FORM

**Employee Name:**       James Wagner

**Pay Roll Number:**     226959

**DOI:**                 03/01/11

**Type of Wages:**       IOD wages 03/02/11 thru 12/11/11

**Requestor of Wages:**   VIRGINIA KELLY

**Date requesting Wages:**   05/29/13

*N/R IoD benefits*
*$44,189.86*

```
                              0·    0
                       689·39    +
                     2,297·97    +
                     2,068·17    +
                     2,297·97    +
                     2,297·97    +
                     2,297·97    +
                     1,608·58    +
                     2,297·97    +
                     2,297·97    +
                     2,366·90    +
                     2,366·90    +
                     2,366·90    +
                     2,366·90    +
                     2,366·90    +
                     2,366·90    +
                     2,366·90    +
                     2,366·90    +
                     2,366·90    +
                     2,366·90    +
                                  =
                    44,189·86    *
```



PLAINTIFF'S
EXHIBIT
Case A 130203 51

```
PG/ N  EMPLOYEE CHECK STUB: 226959      PERIOD: 22  YR: 2011 SPECIAL:        PAGE 8
LAST NAME    WAGNER                       LAST PAY PERIOD PAID  22
FIRST NAME   JAMES              J                     END DATE  03/06/11
DEPARTMENT   11-NA-41-02                             DIST DATE  03/11/11
                                DEDUCTIONS
REG GROSS        2297.97    PBA          3.40  VAC BUY BACK
PREMIUM/OT        786.87    FOP         20.19  RATE 1 TIME     00700      1608.58
ADJUSTMENTS                 EMER               RATE 2 TIME
BENEFITS                    ALIFE        2.00  RATE 3 TIME
TOTAL GROSS      3084.84                       C 1 TIME & 1/2 00114        646.30
PENSION  B        120.38                       J 1 HEART/LUNG 00300        689.39
DEF COMP           50.00
11 FED TAX        255.46
12 ST. TAX         73.54
13 CITY WAGE      121.17
14 F.I.C.A.                                    POLICE STRESS              140.57
15 PAUC TAX         1.92                       POLICE MEALS
16 MEDICARE        34.73                       NET ADJUSTMENT
19 E.I.C.                                      NET PAY                   2402.05

                                               CHECK NUMBER     0000000

        PF1/13 MAIN MENU      PF2/14 PREVIOUS MENU       PF3/15 FULL DETAILS
```

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959      PERIOD: 23  YR: 2011 SPECIAL:        PAGE 8
LAST NAME   WAGNER                        LAST PAY PERIOD PAID   23
FIRST NAME  JAMES                    J              END DATE   03/20/11
DEPARTMENT  11-NA-41-02                              DIST DATE  03/25/11
                                DEDUCTIONS
REG GROSS        2297.97      PBA       3.40  VAC BUY BACK
PREMIUM/OT        109.71      FOP      20.19  RATE 1 TIME
ADJUSTMENTS                   EMER           RATE 2 TIME
BENEFITS           24.00                     RATE 3 TIME
TOTAL GROSS      2431.68                     J 1 HEART/LUNG 01000      2297.97
PENSION  B        120.38
DEF COMP           50.00
11 FED TAX
12 ST. TAX          4.10
13 CITY WAGE       95.52
14 F.I.C.A.                                  POLICE STRESS             109.71
15 PAUC TAX         0.11                     POLICE MEALS
16 MEDICARE         1.94                     NET ADJUSTMENT
19 E.I.C.                                    NET PAY                  2112.04

                                             CHECK NUMBER     0000000
```

PF1/13 MAIN MENU        PF2/14 PREVIOUS MENU        PF3/15 FULL DETAILS

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959    PERIOD: 24  YR: 2011 SPECIAL:       PAGE 8
LAST NAME  WAGNER                         LAST PAY PERIOD PAID  24
FIRST NAME  JAMES                    J             END DATE   04/03/11
DEPARTMENT  11-NA-41-02                           DIST DATE   04/08/11
                               DEDUCTIONS
REG GROSS        2297.97    PBA      3.40  VAC BUY BACK
PREMIUM/OT        109.71    FOP     20.19  RATE 1 TIME    00100        229.80
ADJUSTMENTS                 EMER           RATE 2 TIME
BENEFITS                    ALIFE    2.00  RATE 3 TIME
TOTAL GROSS       2407.68                  J 1 HEART/LUNG 00900       2068.17
PENSION  B        120.38
DEF COMP           50.00
11 FED TAX
12 ST. TAX         10.42
13 CITY WAGE       94.57
14 F.I.C.A.                               POLICE STRESS                109.71
15 PAUC TAX         0.27                  POLICE MEALS
16 MEDICARE         4.92                  NET ADJUSTMENT
19 E.I.C.                                 NET PAY                     2101.53

                                          CHECK NUMBER    0000000
```

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959     PERIOD: 25  YR: 2011 SPECIAL:        PAGE 8
LAST NAME   WAGNER                          LAST PAY PERIOD PAID  25
FIRST NAME  JAMES                J                     END DATE   04/17/11
DEPARTMENT  11-NA-41-02                                DIST DATE  04/21/11
                                  DEDUCTIONS
REG GROSS        2297.97       PBA        3.40   VAC BUY BACK
PREMIUM/OT        109.71       FOP       20.19   RATE 1 TIME
ADJUSTMENTS                    EMER              RATE 2 TIME
BENEFITS           24.00                         RATE 3 TIME
TOTAL GROSS      2431.68                         J 1 HEART/LUNG 01000     2297.97
PENSION  B        120.38
DEF COMP           50.00
11 FED TAX
12 ST. TAX          4.10
13 CITY WAGE       95.52
14 F.I.C.A.                                      POLICE STRESS             109.71
15 PAUC TAX         0.11                         POLICE MEALS
16 MEDICARE         1.94                         NET ADJUSTMENT
19 E.I.C.                                        NET PAY                  2112.04

                                                 CHECK NUMBER    0000000
────────────────────────────────────────────────────────────────────────────────
     PF1/13 MAIN MENU       PF2/14 PREVIOUS MENU      PF3/15 FULL DETAILS
```

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959     PERIOD: 26  YR: 2011 SPECIAL:        PAGE 8
LAST NAME    WAGNER                        LAST PAY PERIOD PAID  26
FIRST NAME   JAMES                 J                  END DATE   05/01/11
DEPARTMENT   11-NA-41-02                              DIST DATE  05/06/11
                                 DEDUCTIONS
REG GROSS        2297.97       PBA        3.40   VAC BUY BACK
PREMIUM/OT        109.71       FOP       20.19   RATE 1 TIME
ADJUSTMENTS                    EMER              RATE 2 TIME
BENEFITS                       ALIFE      2.00   RATE 3 TIME
TOTAL GROSS      2407.68                         J 1 HEART/LUNG 01000    2297.97
PENSION  B        120.38
DEF COMP           50.00
11 FED TAX
12 ST. TAX          3.37
13 CITY WAGE       94.57
14 F.I.C.A.                                     POLICE STRESS             109.71
15 PAUC TAX         0.09                         POLICE MEALS
16 MEDICARE         1.59                         NET ADJUSTMENT
19 E.I.C.                                        NET PAY                  2112.09

                                                CHECK NUMBER    0000000
```

---

PF1/13 MAIN MENU        PF2/14 PREVIOUS MENU        PF3/15 FULL DETAILS

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959     PERIOD: 1   YR: 2011 SPECIAL:         PAGE 8
LAST NAME   WAGNER                          LAST PAY PERIOD PAID   1
FIRST NAME  JAMES                    J                 END DATE   05/15/11
DEPARTMENT  11-NA-41-02                                DIST DATE   05/20/11
                                 DEDUCTIONS
REG GROSS         2297.97    PBA          3.40  VAC BUY BACK
PREMIUM/OT         109.71    FOP         20.19  RATE 1 TIME
ADJUSTMENTS                  EMER               RATE 2 TIME
BENEFITS            24.00                       RATE 3 TIME
TOTAL GROSS       2431.68                       J 1 HEART/LUNG 01000    2297.97
PENSION  B         120.38
DEF COMP            50.00
11 FED TAX
12 ST. TAX           4.10
13 CITY WAGE        95.52
14 F.I.C.A.                                     POLICE STRESS              109.71
15 PAUC TAX          0.11                       POLICE MEALS
16 MEDICARE          1.94                       NET ADJUSTMENT
19 E.I.C.                                       NET PAY                   2112.04

                                                CHECK NUMBER    0000000
```

PF1/13 MAIN MENU        PF2/14 PREVIOUS MENU        PF3/15 FULL DETAILS

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959      PERIOD: 2   YR: 2011 SPECIAL:        PAGE 8
LAST NAME   WAGNER                          LAST PAY PERIOD PAID    2
FIRST NAME  JAMES                    J            END DATE   05/29/11
DEPARTMENT  11-NA-41-02                          DIST DATE  06/03/11
                                DEDUCTIONS
REG GROSS         2297.97      PBA        3.40  VAC BUY BACK
PREMIUM/OT         109.71      FOP       20.19  RATE 1 TIME     00300        689.39
ADJUSTMENTS                    EMER             RATE 2 TIME
BENEFITS                       ALIFE      2.00  RATE 3 TIME
TOTAL GROSS       2407.68                       J 1 HEART/LUNG 00700       1608.58
PENSION  B         120.38
DEF COMP            50.00
11 FED TAX          32.47
12 ST. TAX          24.53
13 CITY WAGE        94.57
14 F.I.C.A.                                     POLICE STRESS                109.71
15 PAUC TAX          0.64                       POLICE MEALS
16 MEDICARE         11.59                       NET ADJUSTMENT
19 E.I.C.                                       NET PAY                     2047.91

                                               CHECK NUMBER    0000000
```

---

PF1/13 MAIN MENU        PF2/14 PREVIOUS MENU        PF3/15 FULL DETAILS

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959     PERIOD: 3   YR: 2011 SPECIAL:        PAGE 8
LAST NAME   WAGNER                      LAST PAY PERIOD PAID    3
FIRST NAME  JAMES                  J                  END DATE   06/12/11
DEPARTMENT  11-NA-41-02                               DIST DATE  06/17/11
                                  DEDUCTIONS
REG GROSS        2297.97     PBA        3.40   VAC BUY BACK
PREMIUM/OT        109.71     FOP       20.19   RATE 1 TIME
ADJUSTMENTS                  EMER              RATE 2 TIME
BENEFITS          24.00                        RATE 3 TIME
TOTAL GROSS     2431.68                        J 1 HEART/LUNG 01000      2297.97
PENSION  B       120.38
DEF COMP          50.00
11 FED TAX
12 ST. TAX         4.10
13 CITY WAGE      95.52
14 F.I.C.A.                               POLICE STRESS               109.71
15 PAUC TAX        0.11                   POLICE MEALS
16 MEDICARE        1.94                   NET ADJUSTMENT
19 E.I.C.                                 NET PAY                    2112.04

                                          CHECK NUMBER     0000000
```

PF1/13 MAIN MENU        PF2/14 PREVIOUS MENU        PF3/15 FULL DETAILS

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959      PERIOD: 4    YR: 2011 SPECIAL:          PAGE 8
LAST NAME.  WAGNER                              LAST PAY PERIOD PAID    4
FIRST NAME  JAMES                    J                  END DATE   06/26/11
DEPARTMENT  11-NA-41-02                                 DIST DATE  07/01/11
                                 DEDUCTIONS
REG GROSS          2297.97      PBA          3.40  VAC BUY BACK
PREMIUM/OT          109.71      FOP         24.37  RATE 1 TIME
ADJUSTMENTS                     EMER        15.00  RATE 2 TIME
BENEFITS                        ALIFE        2.00  RATE 3 TIME
TOTAL GROSS        2407.68                         J 1 HEART/LUNG 01000      2297.97
PENSION  B          120.38
DEF COMP             50.00
11 FED TAX
12 ST. TAX            3.37
13 CITY WAGE         94.57
14 F.I.C.A.                                       POLICE STRESS              109.71
15 PAUC TAX           0.09                         POLICE MEALS
16 MEDICARE           1.59                         NET ADJUSTMENT
19 E.I.C.                                          NET PAY                   2092.91

                                                  CHECK NUMBER    0000000
```

---

**PF1/13 MAIN MENU      PF2/14 PREVIOUS MENU      PF3/15 FULL DETAILS**

Case ID: 130203151

```
FYPRMA74          C I T Y  O F  P H I L A D E L P H I A          05/30/13
FYPROA74          FINANCE DEPARTMENT - PAYROLL DIVISION          15:19:28
FANAT71           EMP NO  226959  PAY PERIOD  5  YEAR  2011
```

| SEL | PAY-GROUP | SPECIAL-PAY-INDICATOR | DEPT-NO | ENDING DATE |
|-----|-----------|------------------------|---------|-------------|
| —   | 1         | 53                     | 11NA4102 | 7/10/2011  |
| —   | 8         | 54                     | 11NA4102 | 7/10/2011  |
| —   |           |                        |         |             |
| —   |           |                        |         |             |
| —   |           |                        |         |             |
| —   |           |                        |         |             |
| —   |           |                        |         |             |
| —   |           |                        |         |             |
| —   |           |                        |         |             |
| —   |           |                        |         |             |
| —   |           |                        |         |             |
| —   |           |                        |         |             |
| —   |           |                        |         |             |

PF3/15 = MAIN MENU

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959      PERIOD: 6   YR: 2011 SPECIAL:        PAGE 8
LAST NAME  WAGNER                          LAST PAY PERIOD PAID   6
FIRST NAME  JAMES                  J               END DATE   07/24/11
DEPARTMENT  11-NA-41-02                            DIST DATE   07/29/11
                              DEDUCTIONS
REG GROSS        2366.90     PBA        3.40   VAC BUY BACK
PREMIUM/OT        113.01     FOP       24.37   RATE 1 TIME
ADJUSTMENTS         0.37     EMER              RATE 2 TIME
BENEFITS                     ALIFE      2.00   RATE 3 TIME
TOTAL GROSS      2480.28                       J 1 HEART/LUNG 01000      2366.90
PENSION  B        124.00
DEF COMP           50.00
11 FED TAX
12 ST. TAX          3.48
13 CITY WAGE       97.43
14 F.I.C.A.                                   POLICE STRESS               113.01
15 PAUC TAX         0.09                      POLICE MEALS
16 MEDICARE         1.64                      NET ADJUSTMENT
19 E.I.C.                                     NET PAY                    2173.87

                                              CHECK NUMBER    0000000
```

---

**PF1/13 MAIN MENU**      **PF2/14 PREVIOUS MENU**      **PF3/15 FULL DETAILS**

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959      PERIOD: 7   YR: 2011 SPECIAL:       PAGE 8
LAST NAME.  WAGNER                       LAST PAY PERIOD PAID   7
FIRST NAME  JAMES            .      J               END DATE   08/07/11
DEPARTMENT  11-NA-41¬02                             DIST DATE  08/12/11
                                 DEDUCTIONS
REG GROSS        2366.90      PBA        3.40   VAC BUY BACK
PREMIUM/OT        113.01      FOP       24.37   RATE 1 TIME
ADJUSTMENTS                   EMER             RATE 2 TIME
BENEFITS           24.00                        RATE 3 TIME
TOTAL GROSS      2503.91                        J 1 HEART/LUNG 01000      2366.90
PENSION  B        124.00
DEF COMP           50.00
11 FED TAX
12 ST. TAX          4.21
13 CITY WAGE       98.35
14 F.I.C.A.                                     POLICE STRESS            113.01
15 PAUC TAX         0.11                        POLICE MEALS
16 MEDICARE         1.99                        NET ADJUSTMENT
19 E.I.C.                                       NET PAY                 2173.48

                                                CHECK NUMBER    0000000
```

---

         PF1/13 MAIN MENU        PF2/14 PREVIOUS MENU        PF3/15 FULL DETAILS

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959      PERIOD: 8    YR: 2011 SPECIAL:         PAGE 8
LAST NAME  WAGNER                            LAST PAY PERIOD PAID    8
FIRST NAME  JAMES                    J                  END DATE   08/21/11
DEPARTMENT  11-NA-41-02                                 DIST DATE  08/26/11
                                 DEDUCTIONS
REG GROSS        2366.90      PBA        3.40   VAC BUY BACK
PREMIUM/OT        113.01      FOP       24.37   RATE 1 TIME
ADJUSTMENTS                   EMER              RATE 2 TIME
BENEFITS                      ALIFE      2.00   RATE 3 TIME
TOTAL GROSS      2479.91                        J 1 HEART/LUNG 01000     2366.90
PENSION  B        124.00
DEF COMP           50.00
11 FED TAX
12 ST. TAX          3.47
13 CITY WAGE       97.41
14 F.I.C.A.                                     POLICE STRESS             113.01
15 PAUC TAX         0.09                        POLICE MEALS
16 MEDICARE         1.64                        NET ADJUSTMENT
19 E.I.C.                                       NET PAY                  2173.53

                                               CHECK NUMBER    0000000

       PF1/13 MAIN MENU        PF2/14 PREVIOUS MENU        PF3/15 FULL DETAILS
```

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959      PERIOD: 9   YR: 2011 SPECIAL:        PAGE 8
LAST NAME    WAGNER                      LAST PAY PERIOD PAID    9
FIRST NAME   JAMES              J                     END DATE   09/04/11
DEPARTMENT   11-NA-41-02                              DIST DATE  09/09/11
                                DEDUCTIONS
REG GROSS         2366.90     PBA          3.40   VAC BUY BACK
PREMIUM/OT         113.01     FOP         24.37   RATE 1 TIME
ADJUSTMENTS                   EMER                RATE 2 TIME
BENEFITS            24.00                         RATE 3 TIME
TOTAL GROSS       2503.91                         J 1 HEART/LUNG 01000     2366.90
PENSION  B         124.00
DEF COMP            50.00
11 FED TAX
12 ST. TAX           4.21
13 CITY WAGE        98.35
14 F.I.C.A.                                      POLICE STRESS              113.01
15 PAUC TAX          0.11                        POLICE MEALS
16 MEDICARE          1.99                        NET ADJUSTMENT
19 E.I.C.                                        NET PAY                   2173.48

                                                CHECK NUMBER      0000000
```

---

PF1/13 MAIN MENU        PF2/14 PREVIOUS MENU        PF3/15 FULL DETAILS

```
PG/ N  EMPLOYEE CHECK STUB: 226959      PERIOD: 10   YR: 2011 SPECIAL:        PAGE 8
LAST NAME   WAGNER                        LAST PAY PERIOD PAID  10
FIRST NAME  JAMES                    J              END DATE  09/18/11
DEPARTMENT  11-NA-41-02                             DIST DATE  09/23/11
                                DEDUCTIONS
REG GROSS        2366.90      PBA         3.40  VAC BUY BACK
PREMIUM/OT        113.01      FOP        24.37  RATE 1 TIME
ADJUSTMENTS                   EMER              RATE 2 TIME
BENEFITS                      ALIFE       2.00  RATE 3 TIME
TOTAL GROSS      2479.91                        J 1 HEART/LUNG 01000      2366.90
PENSION  B        124.00
DEF COMP           50.00
11 FED TAX
12 ST. TAX          3.47
13 CITY WAGE       97.41
14 F.I.C.A.                                     POLICE STRESS              113.01
15 PAUC TAX         0.09                         POLICE MEALS
16 MEDICARE         1.64                         NET ADJUSTMENT
19 E.I.C.                                        NET PAY                   2173.53

                                                CHECK NUMBER    0000000
```

---

PF1/13 MAIN MENU      PF2/14 PREVIOUS MENU      PF3/15 FULL DETAILS

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959    PERIOD: 11  YR: 2011 SPECIAL:      PAGE 8
LAST NAME   WAGNER                        LAST PAY PERIOD PAID   11
FIRST NAME  JAMES                 J                  END DATE   10/02/11
DEPARTMENT  11-NA-41-02                              DIST DATE  10/07/11
                             DEDUCTIONS
REG GROSS       2366.90    PBA               VAC BUY BACK
PREMIUM/OT       113.01    FOP        24.37  RATE 1 TIME
ADJUSTMENTS               EMER              RATE 2 TIME
BENEFITS                                    RATE 3 TIME
TOTAL GROSS     2479.91                     J 1 HEART/LUNG 01000      2366.90
PENSION  B       124.00
DEF COMP          50.00
11 FED TAX
12 ST. TAX         3.47
13 CITY WAGE      97.41
14 F.I.C.A.                                POLICE STRESS               113.01
15 PAUC TAX        0.09                    POLICE MEALS
16 MEDICARE        1.64                    NET ADJUSTMENT
19 E.I.C.                                  NET PAY                    2178.93

                                           CHECK NUMBER     0000000

         PF1/13 MAIN MENU     PF2/14 PREVIOUS MENU     PF3/15 FULL DETAILS
```

```
PG/ N  EMPLOYEE CHECK STUB: 226959     PERIOD: 12  YR: 2011 SPECIAL:        PAGE 8
LAST NAME. WAGNER                       LAST PAY PERIOD PAID  12
FIRST NAME  JAMES                 J                END DATE   10/16/11
DEPARTMENT  11-NA-41-02                            DIST DATE  10/21/11
                                 DEDUCTIONS
REG GROSS        2366.90      PBA              VAC BUY BACK
PREMIUM/OT        113.01      FOP      24.37   RATE 1 TIME
ADJUSTMENTS                   EMER            RATE 2 TIME
BENEFITS                      ALIFE          RATE 3 TIME
TOTAL GROSS      2479.91                      J 1 HEART/LUNG 01000    2366.90
PENSION  B        124.00
DEF COMP           50.00
11 FED TAX
12 ST. TAX          3.47
13 CITY WAGE       97.41
14 F.I.C.A.                                  POLICE STRESS            113.01
15 PAUC TAX         0.09                      POLICE MEALS
16 MEDICARE         1.64                      NET ADJUSTMENT
19 E.I.C.                                     NET PAY                 2178.93

                                              CHECK NUMBER    0000000
```

---

PF1/13 MAIN MENU      PF2/14 PREVIOUS MENU      PF3/15 FULL DETAILS

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959    PERIOD: 13  YR: 2011 SPECIAL:       PAGE 8
LAST NAME  WAGNER                      LAST PAY PERIOD PAID  13
FIRST NAME  JAMES              J                 END DATE   10/30/11
DEPARTMENT  11-NA-41-02                          DIST DATE  11/04/11
                              DEDUCTIONS
REG GROSS        2366.90    PBA          3.40  VAC BUY BACK
PREMIUM/OT        113.01    FOP         24.37  RATE 1 TIME
ADJUSTMENTS                 EMER              RATE 2 TIME
BENEFITS           24.00                      RATE 3 TIME
TOTAL GROSS      2503.91                      J 1 HEART/LUNG 01000    2366.90
PENSION  B        124.00
DEF COMP           50.00
11 FED TAX
12 ST. TAX          4.21
13 CITY WAGE       98.35
14 F.I.C.A.                                   POLICE STRESS            113.01
15 PAUC TAX         0.11                      POLICE MEALS
16 MEDICARE         1.99                      NET ADJUSTMENT
19 E.I.C.                                     NET PAY                 2173.48

                                              CHECK NUMBER    0000000

       PF1/13 MAIN MENU        PF2/14 PREVIOUS MENU      PF3/15 FULL DETAILS
```

```
PG/ N  EMPLOYEE CHECK STUB: 226959    PERIOD: 14  YR: 2011 SPECIAL:        PAGE 8
LAST NAME   WAGNER                       LAST PAY PERIOD PAID  14
FIRST NAME  JAMES                J                END DATE  11/13/11
DEPARTMENT  11-NA-41-02                           DIST DATE  11/18/11
                               DEDUCTIONS
REG GROSS        2366.90      PBA        3.40  VAC BUY BACK
PREMIUM/OT        113.01      FOP       24.37  RATE 1 TIME
ADJUSTMENTS                   EMER             RATE 2 TIME
BENEFITS                      ALIFE      2.00  RATE 3 TIME
TOTAL GROSS      2479.91                       J 1 HEART/LUNG 01000     2366.90
PENSION  B        124.00
DEF COMP           50.00
11 FED TAX
12 ST. TAX          3.47
13 CITY WAGE       97.41
14 F.I.C.A.                                   POLICE STRESS             113.01
15 PAUC TAX         0.09                       POLICE MEALS
16 MEDICARE         1.64                       NET ADJUSTMENT
19 E.I.C.                                      NET PAY                  2173.53

                                              CHECK NUMBER    0000000
```

PF1/13 MAIN MENU      PF2/14 PREVIOUS MENU      PF3/15 FULL DETAILS

Case ID: 130203151

```
PG/ N  EMPLOYEE CHECK STUB: 226959     PERIOD: 15  YR: 2011 SPECIAL:        PAGE 8
LAST NAME   WAGNER                           LAST PAY PERIOD PAID  15
FIRST NAME  JAMES              J                    END DATE  11/27/11
DEPARTMENT  11-NA-41-02                             DIST DATE 12/02/11
                              DEDUCTIONS
REG GROSS        2366.90    PBA        3.40  VAC BUY BACK
PREMIUM/OT        113.01    FOP       24.37  RATE 1 TIME
ADJUSTMENTS                 EMER             RATE 2 TIME
BENEFITS           24.00                     RATE 3 TIME
TOTAL GROSS      2503.91                     J 1 HEART/LUNG 01000      2366.90
PENSION  B        124.00
DEF COMP           50.00
11 FED TAX
12 ST. TAX          4.21
13 CITY WAGE       98.35
14 F.I.C.A.                               POLICE STRESS                113.01
15 PAUC TAX         0.11                  POLICE MEALS
16 MEDICARE         1.99                  NET ADJUSTMENT
19 E.I.C.                                 NET PAY                     2173.48

                                          CHECK NUMBER     0000000
```

PF1/13 MAIN MENU        PF2/14 PREVIOUS MENU        PF3/15 FULL DETAILS

```
PG/ N  EMPLOYEE CHECK STUB: 226959     PERIOD: 16  YR: 2011 SPECIAL:        PAGE 8
LAST NAME   WAGNER                    LAST PAY PERIOD PAID  16
FIRST NAME  JAMES                 J              END DATE   12/11/11
DEPARTMENT  11-NA-41-02                          DIST DATE  12/16/11
                            DEDUCTIONS
REG GROSS       2366.90      PBA        3.40  VAC BUY BACK
PREMIUM/OT       113.01      FOP       24.37  RATE 1 TIME
ADJUSTMENTS                  EMER             RATE 2 TIME
BENEFITS                     ALIFE      2.00  RATE 3 TIME
TOTAL GROSS     2479.91                       J 1 HEART/LUNG 01000    2366.90
PENSION  B       124.00
DEF COMP          50.00
11 FED TAX
12 ST. TAX         3.47
13 CITY WAGE      97.41
14 F.I.C.A.                                 POLICE STRESS            113.01
15 PAUC TAX        0.09                      POLICE MEALS
16 MEDICARE        1.64                      NET ADJUSTMENT
19 E.I.C.                                    NET PAY                 2173.53

                                            CHECK NUMBER   0000000
```

PF1/13 MAIN MENU      PF2/14 PREVIOUS MENU      PF3/15 FULL DETAILS

Case ID: 130203151

Payment History by Claim



Home | IBC Email | FastQuote | IBC I-Way | My HR | Web Intelligence | CSInet | Panel Maker

| Check # | Transaction Date | Payee | Payment Code | Service From | Service Thru | Amount |
|---|---|---|---|---|---|---|
| | | Payment History for Claim 405-111-0217964 CO Payments Only | | | | |
| 1321402 | 03/08/2013 | JAMES WAGNER | 52-DISFIGUREMENT | 02/20/2013 | 02/20/2013 | $19,305.00 |
| 1321403 | 03/08/2013 | MULVEY FLANAGAN & BUDNEY PC | 30-FEE TO CLMT'S ATTY PER AWARD | 02/20/2013 | 02/20/2013 | $2,145.00 |
| 1321404 | 03/08/2013 | MULVEY FLANAGAN & BUDNEY PC | E3-CLAIMANT ATT LITIGATION COSTS | 02/20/2013 | 02/20/2013 | $367.30 |
| 1268868 | 01/31/2012 | JAMES WAGNER | TP-TPD | 11/03/2011 | 11/17/2011 | $322.22 |
| | | | | | Total: | $22,139.52 |

4/2/2013

Case ID: 130203151

Payment History by Claim

Page 1 of 2


**ClaimWeb**

Home | IBC Email | FastQuote | IBC I-Way | My HR | Web Intelligence | CSInet | Panel Maker

| | | | Payment History for Claim 405-111-0217964 ME Payments Only | | | | |
|---|---|---|---|---|---|---|---|
| Check # | Transaction Date | Payee | Payment Code | Service From | Service Thru | Amount |
| 5421223 | 01/15/2013 | JEFFERSON UNIVERSITY PHYSICIANS | 20-RADIOLOGICAL STUDIES | 03/02/2012 | 03/02/2012 | $137.68 |
| 5398351 | 09/19/2012 | OPHTHALMIC PARTNERS OF PA | MD-DOCTOR VISIT | 08/29/2012 | 08/29/2012 | $68.49 |
| 5374368 | 05/22/2012 | OPHTHALMIC PARTNERS OF PA | 84-PHYSICIAN-OPTHAMOLOGIST | 04/25/2012 | 04/25/2012 | $68.49 |
| 5369652 | 05/01/2012 | WILLS EYE EMERGENCY ROOM | 84-PHYSICIAN-OPTHAMOLOGIST | 03/01/2011 | 03/01/2011 | $389.99 |
| 5369368 | 04/30/2012 | WILLS EYE OPTHALMIC CLINIC | MD-DOCTOR VISIT | 03/18/2011 | 03/18/2011 | $136.64 |
| 5356372 | 02/14/2012 | JEFFERSON UNIVERSITY PHYSICIANS | MD-DOCTOR VISIT | 03/18/2011 | 03/18/2011 | $165.00 |
| 5353521 | 01/31/2012 | JEFFERSON UNIVERSITY PHYSICIANS | 20-RADIOLOGICAL STUDIES | 03/02/2011 | 03/02/2011 | $16.90 |
| 5349209 | 01/11/2012 | WILLS EYE OPTHALMIC CLINIC | 84-PHYSICIAN-OPTHAMOLOGIST | 10/19/2011 | 10/19/2011 | $169.66 |
| 5347702 | 01/05/2012 | CARL ROSENBAUM MD PC | MD-DOCTOR VISIT | 11/04/2011 | 11/04/2011 | $108.73 |
| 5347738 | 01/05/2012 | ARIA HEALTH PHYSICIAN SVC | MD-DOCTOR VISIT | 11/23/2011 | 11/23/2011 | $58.91 |
| 5346943 | 12/30/2011 | MAIN LINE SURGERY CENTER LLC | AS-AMBULATORY SURGERY | 11/17/2011 | 11/17/2011 | $1,982.18 |
| 5346304 | 12/28/2011 | OPHTHALMIC PARTNERS OF PA | MD-DOCTOR VISIT | 11/17/2011 | 11/17/2011 | $1,376.55 |
| 5345932 | 12/27/2011 | RANCOCAS ANESTHESIOLOGY PA | 07-EMERGENCY ROOM TREATMENT | 11/17/2011 | 11/17/2011 | $514.17 |
| 5344830 | 12/19/2011 | SCRIPNET | 01-PHARMACY | 12/05/2011 | 12/05/2011 | $165.94 |
| 5344830 | 12/19/2011 | SCRIPNET | 01-PHARMACY | 12/05/2011 | 12/05/2011 | $16.60 |
| 5344701 | 12/16/2011 | SPAETH KATZ/MYERS RHEE PC | MD-DOCTOR VISIT | 11/18/2011 | 11/18/2011 | $41.00 |
| 5344062 | 12/13/2011 | ARIA HEALTH PHYSICIAN SVC | MD-DOCTOR VISIT | 11/03/2011 | 11/03/2011 | $58.91 |
| 5342751 | 12/01/2011 | SCRIPNET | 01-PHARMACY | 11/21/2011 | 11/21/2011 | $110.00 |
| 5341715 | 11/28/2011 | SCRIPNET | 01-PHARMACY | 11/09/2011 | 11/09/2011 | $91.53 |
| 5341938 | 11/28/2011 | ARIA HEALTH PHYSICIAN SVC | MD-DOCTOR VISIT | 10/20/2011 | 10/20/2011 | $58.91 |
| 5341210 | 11/22/2011 | OPHTHALMIC PARTNERS OF PA | MD-DOCTOR VISIT | 10/19/2011 | 10/19/2011 | $216.04 |
| 5338576 | 11/09/2011 | ARIA HEALTH PHYSICIAN SVC | MD-DOCTOR VISIT | 09/26/2011 | 09/26/2011 | $58.91 |
| 5337651 | 11/02/2011 | WILLS EYE OPTHALMIC CLINIC | MD-DOCTOR VISIT | 09/15/2011 | 09/15/2011 | $66.26 |
| 5333589 | 10/07/2011 | EDMONDS & ASSOICATES | MD-DOCTOR VISIT | 09/12/2011 | 09/12/2011 | $66.25 |
| 5332765 | 10/04/2011 | ARIA HEALTH PHYSICIAN SVC | MD-DOCTOR VISIT | 08/26/2011 | 08/26/2011 | $58.91 |
| 5329283 | 09/13/2011 | EDMONDS & ASSOCIATES | MD-DOCTOR VISIT | 08/11/2011 | 08/11/2011 | $66.25 |
| 5327495 | 09/07/2011 | SPAETH/KATZ PC | MD-DOCTOR VISIT | 08/10/2011 | 08/10/2011 | $79.90 |
| 5327544 | 09/07/2011 | ARIA HEALTH PHYSICIAN SVC | MD-DOCTOR VISIT | 07/26/2011 | 07/26/2011 | $58.91 |
| 5322485 | 08/16/2011 | KEYSTONE QUALITY TRANSPORT | 13-AMBULANCE | 03/01/2011 | 03/01/2011 | $330.05 |
| 5320394 | 08/04/2011 | EDMONDS & ASSOCIATES | MD-DOCTOR VISIT | 06/17/2011 | 06/17/2011 | $199.90 |
| 5320222 | 08/03/2011 | ARIA HEALTH PHYSICIAN SVC | MD-DOCTOR VISIT | 06/28/2011 | 06/28/2011 | $58.91 |
| 5314877 | 07/13/2011 | EDMONDS & ASSOCIATES | MD-DOCTOR VISIT | 06/17/2011 | 06/17/2011 | $297.13 |
| 5314900 | 07/13/2011 | ARIA HEALTH PHYSICIAN SVC | MD-DOCTOR VISIT | 05/31/2011 | 05/31/2011 | $58.91 |
| 5310162 | 06/17/2011 | ARIA HEALTH PHYSICIAN SVC | 82-PHYSICIAN-ORTHOPEDIC | 05/11/2011 | 05/11/2011 | $58.91 |
| 5309811 | 06/16/2011 | ARIA HEALTH PHYSICIAN SVC | MD-DOCTOR VISIT | 04/27/2011 | 04/27/2011 | $58.91 |
| 5305313 | 05/24/2011 | THOMAS JEFFERSON UNIVERSITY HOSPITALS | HP-HOSPITAL - INPATIENT | 03/18/2011 | 03/20/2011 | $10,252.81 |

Case ID: 130203151

Payment History by Claim

| 5302680 | 05/12/2011 | SCRIPNET | 01-PHARMACY | 05/01/2011 | 05/01/2011 | $17.60 |
|---------|------------|----------|-------------|------------|------------|--------|
| 5301845 | 05/06/2011 | ARIA HEALTH PHYSICIAN SVC | MD-DOCTOR VISIT | 03/30/2011 | 03/30/2011 | $58.91 |
| 5301830 | 05/06/2011 | SPAETH KATZ/MYERS RHEE PC | 09-DOCTOR FEE-SURGICAL | 03/19/2011 | 03/19/2011 | $3,071.80 |
| 5301848 | 05/06/2011 | ARIA HEALTH PHYSICIAN SVC | 15-PHYSICAL THERAPY | 04/13/2011 | 04/13/2011 | $58.91 |
| 5301090 | 05/03/2011 | THOMAS JEFFERSON UNIVERSITY HOSPITALS | HP-HOSPITAL - INPATIENT | 03/02/2011 | 03/04/2011 | $11,038.14 |
| 5299782 | 04/27/2011 | THOMAS JEFFERSON UNIVERSITY HOSPITALS | HP-HOSPITAL - INPATIENT | 03/06/2011 | 03/09/2011 | $9,334.08 |
| 5299307 | 04/25/2011 | WILLS EYE OPTHALMIC CLINIC | 09-DOCTOR FEE-SURGICAL | 03/03/2011 | 03/03/2011 | $1,447.65 |
| 5298901 | 04/25/2011 | RANCOCAS ANESTHESIOLOGY PA | D5-ANESTHESIOLOGIST | 03/07/2011 | 03/07/2011 | $524.34 |
| 5299044 | 04/25/2011 | ARIA HEALTH PHYSICIAN SVC | MD-DOCTOR VISIT | 03/16/2011 | 03/16/2011 | $92.83 |
| 5299017 | 04/25/2011 | EINSTEIN PRACTICE PLAN INC | MD-DOCTOR VISIT | 03/01/2011 | 03/01/2011 | $177.19 |
| 5298902 | 04/25/2011 | RANCOCAS ANESTHESIOLOGY PA | D5-ANESTHESIOLOGIST | 03/19/2011 | 03/19/2011 | $603.99 |
| 5299016 | 04/25/2011 | EINSTEIN PRACTICE PLAN INC | MD-DOCTOR VISIT | 03/01/2011 | 03/01/2011 | $105.60 |
| 5298809 | 04/20/2011 | WEOC ER | 94-PHYSICIAN-OPTHAMOLOGIST | 03/06/2011 | 03/06/2011 | $92.39 |
| 5298124 | 04/19/2011 | EINSTEIN PRACTICE PLAN INC | 20-RADIOLOGICAL STUDIES | 03/01/2011 | 03/01/2011 | $16.41 |
| 5298126 | 04/19/2011 | EINSTEIN PRACTICE PLAN INC | 20-RADIOLOGICAL STUDIES | 03/01/2011 | 03/01/2011 | $186.45 |
| 5298126 | 04/19/2011 | EINSTEIN PRACTICE PLAN INC | 20-RADIOLOGICAL STUDIES | 03/01/2011 | 03/01/2011 | $105.34 |
| 5298034 | 04/19/2011 | RETINOVITREOUS ASSOCIATES LTD | MD-DOCTOR VISIT | 03/07/2011 | 03/07/2011 | $2,549.66 |
| 5296091 | 04/07/2011 | ALBERT EINSTEIN MED CTR | HI-HOSPITAL - OUTPATIENT | 03/01/2011 | 03/01/2011 | $3,167.20 |
| 5294714 | 04/01/2011 | RANCOCAS ANESTHESIOLOGY PA | D5-ANESTHESIOLOGIST | 03/03/2011 | 03/03/2011 | $547.58 |
| 5292459 | 03/24/2011 | SCRIPNET | 01-PHARMACY | 03/11/2011 | 03/11/2011 | $18.94 |
| 5290638 | 03/17/2011 | SCRIPNET | 01-PHARMACY | 03/04/2011 | 03/04/2011 | $11.27 |
| 5290638 | 03/17/2011 | SCRIPNET | 01-PHARMACY | 03/05/2011 | 03/05/2011 | $86.57 |
| 5290638 | 03/17/2011 | SCRIPNET | 01-PHARMACY | 03/05/2011 | 03/05/2011 | $64.48 |
| 5290638 | 03/17/2011 | SCRIPNET | 01-PHARMACY | 03/05/2011 | 03/05/2011 | $44.23 |
| 5290638 | 03/17/2011 | SCRIPNET | 01-PHARMACY | 03/05/2011 | 03/05/2011 | $18.60 |
| 5290638 | 03/17/2011 | SCRIPNET | 01-PHARMACY | 03/05/2011 | 03/05/2011 | $10.19 |
| 5290638 | 03/17/2011 | SCRIPNET | 01-PHARMACY | 03/05/2011 | 03/05/2011 | $101.99 |
| | | | | | Total: | $51,300.37 |

4/2/2013

Case ID: 130203151

# VERIFICATION

The averments or denials of facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. The language of this pleading is that of counsel and not of signer.  This verification is made subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

_____
(Signature)

SUZANNE WAGNER
_____
(Please print name)

DATE: 6/13/13

## V E R I F I C A T I O N

The averments or denials of facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. The language of this pleading is that of counsel and not of signer. This verification is made subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

_____
(Signature)

JAMES J. WAGNER
_____
(Please print name)

DATE: 6-13-13

# EXHIBIT D



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| *WAGNER  ETAL* | *February Term 2013* |
| *VS* | *No. 03151* |
| *TARGET CORPORATION  ETAL* | |

**DOCKETED**
JUN 1 4 2013
**PAUL SALTER**

*CASE MANAGEMENT ORDER*
*EXPEDITED TRACK*

AND NOW, 14-JUN-2013, it is Ordered that:

1.  The case management and time standards adopted for expedited track cases shall be applicable to this case and are hereby incorporated into this Order.

2.  All *discovery* on the above matter shall be completed not later than *02-DEC-2013.*

3.  *Plaintiff* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial to all other parties not later than *02-DEC-2013.*

4.  *Defendant and any additional defendants* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial not later than *06-JAN-2014.*

5.  All *pre-trial motions* shall be filed not later than *06-JAN-2014.*

6.  A *settlement conference* may be scheduled at any time after *06-JAN-2014.*  Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

    (a).   A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

    (b).   A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

    (c).   Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7.  A *pre-trial conference* will be scheduled any time after *03-MAR-2014.*  Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

Wagner  Etal Vs Target -CMOIS



13020315100016

(a).    A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

(b).    A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;

(c).    A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;

(d).    Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

(e).    Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

(f).    Each counsel shall provide an estimate of the anticipated length of trial.

8.   *It is expected that the case will be ready for trial 07-APR-2014,* and counsel should anticipate trial to begin expeditiously thereafter.

9.   All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

*BY THE COURT:*

*ARNOLD NEW, J.*
*TEAM LEADER*

PTS30704(REV 11/04)