IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES WAGNER AND                :      CIVIL ACTION
SUZANNE WAGNER, h/w            :      NO.   13-3670
                                      :
             vs.               :
                                        :
TARGET CORPORATION d/b/a TARGET  :
AND TARGET CORP. AND JOHN DOE(S)  :
(1-2)                                :

## <u>ORDER</u>

I have before me defendant Target's motion to dismiss for failure to state a claim and plaintiffs' response thereto.

The complaint alleges that Officer Wagner, in the course and scope of his employment with the Philadelphia Police Department, responded to a call at Target's store on Bustleton Avenue in Philadelphia.  It further alleges that Target had knowledge of prior conditions at or around the store, that the Target store is located in a high crime area and that it has had several prior incidents involving criminal activity and violence, further that Target was aware of these past dangerous conditions.  The complaint alleges that when plaintiff arrived at the Target store he was struck with a weapon by an individual and/or individuals named as defendants John Doe(s) (1-2) and that as a result of this incident he suffered serious bodily injuries which are permanent in nature.

The complaint alleges negligence on the part of Target as follows:

> negligent hiring of agents, servants, workmen and/or employees;
> failing to secure their property with proper security, employees,
> agents, servants and/or workmen when the defendants knew or
> should have known of patrons and/or individuals with a violent
> disposition; failure to keep the defendant's establishment secure,
> orderly and reasonably well policed; failure of the defendants,
> agents and employees to maintain such order; failing to halt an

> atmosphere of disorder; failing to halt an atmosphere of threat; and failing to ensure that plaintiff was properly protected from assault.

Compl. ¶30.  The complaint also alleges that:

> Defendant, Target failed to act immediately in either restraining or containing the assailant in the store with security allowing the assailant to exit the store unrestrained further endangering individuals in and around defendant's property.

Compl. ¶9.

The law of Pennsylvania governs and in my view the case of Holpp v. Fez, Inc., 656 A.2d 147, 149 (Pa. Super. Ct. 1995) is controlling.  In that case a police officer was assaulted by patrons of a restaurant when he arrived to quell a disturbance and he sued the restaurant owner alleging that the owner had been negligent in serving alcoholic beverages to intoxicated patrons and in permitting an unsafe condition to exist on its premises.  The owner had knowledge of the allegedly unsafe condition.   Earlier the same evening the officer had been summoned to the restaurant because a fight had broken out which had ended prior to his arrival; however, when he did arrive he observed several hundred guests some of whom were intoxicated and rowdy. Because of the size and nature of the gathering the officer agreed to return to the restaurant around 2:00 a.m. to assist in dispersing the crowd and that is when the assault on him occurred. The trial court granted the defendant's motion for summary judgment and the Superior Court of Pennsylvania affirmed.  The Court held that whether the officer was an invitee or licensee the restaurant did not breach any duty owed to him; the possessor of land does not become an insurer of a police officer's safety and the possessor's duty is only to use reasonable care to protect the officer from unknown or non-obvious dangers.  Id.

In their response to Target's motion, plaintiffs rely on Section 344 of the Restatement (Second) of Torts (1965) which provides:

2

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentional harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to: (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Obviously, Section 344 is inapplicable to this case as it refers to members of the public while they are upon the land of the possessor for his business purposes. In this case, the plaintiff officer was not on the Target premises for Target's business purposes. In addition, the cases cited by plaintiffs involve business invitees.

AND NOW, this 6th day of August, 2013, defendant Target's motion to dismiss for failure to state a claim is GRANTED and the complaint is DISMISSED.

_s/ Thomas N. O'Neill, Jr._
THOMAS N. O'NEILL, JR.      J.